| | |
|---|---|
| QUINN EMANUEL URQUHART<br>  OLIVER & HEDGES, LLP<br>  David Eiseman (Bar No. 114758)<br>  Albert P. Bedecarré (Bar No. 148178)<br>  Kristin J. Madigan (Bar No. 233436)<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone:  (415) 875-6600<br>Facsimile:  (415) 875-6700<br>Email: davideiseman@quinnemanuel.com<br>        albedecarre@quinnemanuel.com<br>        kristinmadigan@quinnemanuel.com<br><br>Attorneys for Plaintiff<br>LifeScan, Inc. | LAW OFFICE OF DEREK A. ELETICH<br>Derek A. Eletich (Bar No. 193393)<br>545 Middlefield Road, Suite150<br>Menlo Park, California 94025<br>Telephone:  (650) 853-7157<br>Facsimile:  (650) 429-2028<br>Email: derekeletich@earthlink.net<br><br>Attorneys for Defendant<br>American Healthcare, Inc.<br><br>LAW OFFICES OF LAWRENCE G.<br>  TOWNSEND<br>Lawrence G. Townsend (Bar No. 88184)<br>455 Market Street, 19th Floor<br>San Francisco, California 94105<br>Telephone:  (415) 882-3288<br>Facsimile:  (415) 882-3299<br>Email: ltownsend@owe.com<br><br>Attorneys for Defendant<br>Payless Wholesale, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LIFESCAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN HEALTHCARE, INC.,<br>PAYLESS WHOLESALE, INC., and<br>DOES 3 through 10, inclusive,<br><br>        Defendants. | CASE NO. C 05-2016-JSW<br><br>STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER |

## STIPULATION

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled action will involve the disclosure of confidential information, it is hereby stipulated by and between Plaintiff LifeScan, Inc. ("LifeScan") on the one hand and Defendants

American Healthcare, Inc. ("American Healthcare") and Payless Wholesale, Inc. ("Payless Wholesale") on the other hand, through their respective counsel of record, that the following Protective Order be entered to give effect to the terms and conditions set forth below.

1.0  Definitions

    1.1  "LifeScan" means LifeScan, Inc.

    1.2  "American Healthcare" means American Healthcare, Inc.

    1.3  "Payless Wholesale" means Payless Wholesale, Inc.

    1.4  "Party" or "Parties" means LifeScan and/or American Healthcare and/or Payless Wholesale as the context so requires.

    1.5  "Designating Party" means LifeScan or American Healthcare or Payless Wholesale or any non-party producing documents or information under this Protective Order.

    1.6  "Protected Information" includes the following categories of information, and shall include documents produced during discovery, answers to interrogatories, responses to requests for admission, depositions, hearing or trial transcripts, and tangible things, the information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information whether contained in an attorney work product or not.

        1.6.1  "Confidential" designates Protected Information that a Designating Party believes to be of a proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties.

        1.6.2  "Highly Confidential – Attorneys' Eyes Only" designates Protected Information that the Designating Party reasonably believes is "Confidential" information within the meaning of Section 1.6.1, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. Such information may fall into one or more of the following categories:

            1.6.2.1  Current Business Plans

            1.6.2.2  Future Business Plans

            1.6.2.3  New Product Development

|  |  |
|---|---|
| 1.6.2.4 | New Business Development (for old products) |
| 1.6.2.5 | Trade Secrets (as defined by California law) |
| 1.6.2.6 | Customer Lists |
| 1.6.2.7 | Internal Financial/Accounting Information |
| 1.6.2.8 | Operations Information |
| 1.6.2.9 | Distributor Agreements |
| 1.6.2.10 | License Agreements |
| 1.6.2.11 | Development Agreements |
| 1.6.2.12 | Agreements with Sales Representatives |
| 1.6.2.13 | Prices Charged to Distributors and/or Customers |
| 1.6.2.14 | Business Relationships with Third Parties |
| 1.6.2.15 | Current Product Development and Production |
| 1.6.2.16 | Cost Related Information |

1.6.3 Protected Information shall not include: information that is in the public domain at the time of disclosure (except such information in the public domain that may be treated as a trade secret due to the effort involved in collecting and maintaining such information); information which after disclosure is published or becomes part of the public domain through no fault of a Party receiving information under this Protective Order, but only after it is published or comes into public domain (subject to the same trade secret exclusion stated above); information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; information independently derived by a Party receiving Protected Information without reference to any Protected Information, as evidenced by documentation; or information disclosed by a third party having the legal right to do so.

1.7 "Document" shall have the meaning ascribed to it in the Federal Rules of Civil Procedure Rule 34(a).

1.8 "Employees" means regular full or part-time employees and also temporary personnel who are providing only secretarial, clerical and/or administrative services for the designated employer.

2.0     Designations of Protected Information

    2.1     Each Designating Party who produces or discloses any material that the Designating Party reasonably believes to contain or reveal Protected Information may designate the same "Confidential," or "Highly Confidential – Attorneys' Eyes Only."

    2.2     Documents may be designated as "Confidential" only if, prior to production, the document is clearly marked with a legend that states:

CONFIDENTIAL

    2.3     Documents may be designated as "Highly Confidential – Attorneys' Eyes Only" if, prior to production, the document is clearly marked with a legend that states:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

    2.4     An answer to an Interrogatory or Request for Admission may be designated as the appropriate category of Protected Information by a statement made therein.

    2.5     A deposition transcript or a portion thereof may be designated as the appropriate category of Protected Information by so designating on the record at the deposition or designating any portion of the transcript as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within thirty (30) days following the mailing of the transcript of videotape by the court reporter or videographer.  Such notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions of the transcript or videotape that contain Protected Information as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and directing the reporter to mark that portion of the transcript or videotape accordingly.  Until expiration of the thirty day period specified in this Section, all deposition transcripts and/or videotapes shall be considered and treated as "Highly Confidential – Attorneys' Eyes Only."

    2.6     Counsel of record shall exert their best efforts to raise claims of confidentiality prior to the disclosure of Protected Information.

    2.7     Notwithstanding the provisions of Sections 2.1 through 2.6 of this Protective Order, failure of counsel to designate and/or mark any Protected Information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as provided above shall not

preclude the disclosing Party from thereafter in good faith making such a designation and requesting the Receiving Party to so mark and treat such Protected Information so designated. After such designation, such Protected Information shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation subject to any objection procedure provided herein. The Receiving Party, however, shall incur no liability for disclosures made prior to notice of such designation. The parties shall confer in good faith to correct the designation and shall take all necessary steps to prevent further dissemination of the subject materials.

3.0 Disclosure of Protected Information

3.1 Information designated "Confidential" may only be disclosed to the following persons:

3.1.1 outside counsel of record for LifeScan or American Healthcare or Payless Wholesale and the Employees of outside counsel of record ("Outside Counsel") who are assisting in this litigation and whose duties require access to Protected Information;

3.1.2 independent experts and/or consultants retained by counsel of record for LifeScan or American Healthcare or Payless Wholesale, subject to the provisions of Section 4.0 of this Protective Order;

3.1.3 in-house attorneys for each Party, and Employees who are assisting such in-house attorneys in this litigation in filing and/or administrative duties and whose duties require access to Protected Information;

3.1.4 Employees or representatives of each Party who are necessary to the Party's preparation and pursuit of claims and defenses in this action;

3.1.5 third parties specifically retained to assist outside counsel in copying or computer coding of documents, but only for purposes of copying or computer coding Protected Information;

3.1.6 qualified persons taking or recording testimony involving Protected Information and their Employees whose duties require access to Protected Information; and

3.1.7 the Court and the Court's staff; and

   3.1.8 such other persons as the Parties agree to in writing prior to any disclosure of Protected Information.

  3.2 Information designated "Highly Confidential – Attorneys' Eyes Only," including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may only be disclosed to persons falling within the categories specified in Sections 3.1.1, 3.1.2, 3.1.5, 3.1.6, and 3.1.7 of this Protective Order, but shall in no case be disclosed to persons who are involved in competitive decision making for LifeScan or American Healthcare or Payless Wholesale.

  3.3 Protected Information shall not be made available to any person except as authorized under this Protective Order, and no person identified in Sections 3.1.2 and 3.1.5 shall have access to Protected Information without having first read, acknowledged and agreed in writing (in the form of the Declaration and Undertaking attached hereto as Exhibit A) to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by the Party obtaining them, and copies of such written acknowledgments shall be provided to all counsel of record upon request at the conclusion of this action or if circumstances arise that create reasonable concern over the adherence to this Protective Order.

  3.4 Each individual who receives any materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

  3.5 If the recipient of any Protected Information learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Declaration and Undertaking in the form attached hereto as Exhibit A.

4.0 Objections to Disclosures

4.1 Not less than ten (10) days prior to the initial disclosure of Protected Information to any person falling under the provisions of Section 3.1.2 of this Protective Order, the Party planning to make such disclosure shall serve (by facsimile and mail) the name, address, present employer, title, resume, and a signed Declaration and Undertaking in the form of Exhibit A of the proposed recipient on the Designating Party (and to the opposing Party, if the Designating Party is other than LifeScan or American Healthcare or Payless Wholesale).

4.2 Within the ten (10) day period before disclosure of the Protected Information to the proposed recipient, the Party or non-party whose Protected Information is concerned may serve (by facsimile and mail) a written objection to disclosure to such person. Such an objection shall stay disclosure to the proposed recipient. Failure to serve a written notice of objection within ten (10) days shall be deemed approval of a proposed recipient.

4.3 If a written objection is served pursuant to Section 4.2, the Parties shall attempt to resolve the objection by meeting and conferring within ten (10) days of service of the written objection. If the objection is not resolved by meeting and conferring, the Party seeking to prevent disclosure shall file a motion for protective order, to be heard on the earliest date available. Failure to file such a motion within ten (10) days of meeting and conferring or at the conclusion of the ten-day period to meet and confer shall preclude a Party from objecting to the disclosure of Protected Information to the person to whom the objection is directed. The disclosure of Protected Information to such proposed person shall be withheld pending the ruling of the Court on any such motion. On any such motion, the Party seeking to prevent disclosure to a person proposed for approval shall have the burden of proof.

4.4 If at any time during the pendency or trial of this action, counsel for any Party claims that a Designating Party is unreasonably designating certain information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the objecting Party may serve a captioned notice of objection on the Designating Party and all Parties, identifying with particularity the items to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. If the Designating Party does not re-designate the

material within ten (10) days after service of such notice, the objecting Party may file and serve a motion for an order that the material be re-designated. On any such motion, the Party seeking to prevent re-designation shall have the burden of proof. The original designation shall remain effective until three (3) business days after an Order is entered re-designating the materials. The Court may award sanctions on any motion concerning the challenge of a designation if the Court finds that any Designating Party's or Receiving Party's position was taken without reasonable justification.

      5.0     Use of Protected Information

          5.1     Protected Information disclosed pursuant to this Protective Order shall, unless otherwise ordered by this Court, be used by a recipient thereof solely for the purpose of this action and not for any other action or for any business or competitive purposes or for any other reason. Protected Information shall not be used for any purposes other than in the prosecution or defense of claims asserted in this action. In no event shall any person receiving Protected Information use it for commercial or competitive purposes, or make any public disclosure of the contents thereof. Nothing contained in this Protective Order, however, shall affect the right of the Designating Party to disclose information designated solely by it under this Protective Order.

          5.2     No person shall disclose to anyone not specified in Section 3.0 of this Protective Order any Protected Information without prior written consent of the Designating Party or further Order of this Court.

      6.0     Depositions Involving Protected Information

          6.1     At any deposition session, when counsel of record for a Party deems that a question and/or the answer to a question will result in the disclosure of Protected Information, counsel may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the portion of the transcript or videotape containing such question or answer.

          6.2     Any portion of a transcript designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Protected Information shall be transcribed separately from

1  the remainder of the transcript of the deposition and designated in the manner set forth in Section 2.0 of this Protective Order.

      6.3    During the portion of a deposition in which Protected Information will be disclosed, counsel of record for the Designating Party may request that all persons other than the individuals specified in Section 3.1 (for "Confidential" Protected Information) or Section 3.2 (for "Highly Confidential – Attorneys' Eyes Only" Protected Information) leave the deposition room prior to disclosure of Protected Information.  The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to advise the witness not to answer the question.

      6.4    A person not otherwise permitted to receive a disclosure of Protected Information under Section 3.1 of this Protective Order may be shown such Protected Information and may be examined or deposed about such Protected Information if the Protected Information itself reveals that such person legitimately had access to that Protected Information at some earlier time.  This exception does not permit any person who has received a disclosure of Protected Information to have access to any other Protected Information, even if that information is similar or of the same type.

      7.0    Court Filings Including Protected Information

      7.1    Any written material constituting, containing or disclosing Protected Information that is lodged or filed with the Clerk of the Court, including Court papers, shall be submitted in compliance with Civil Local Rule 79-5 and marked "FILED UNDER SEAL," and endorsed on the front page of the written material itself with a statement substantially in the following form:

CONFIDENTIAL

SUBJECT TO PROTECTIVE ORDER

IN CIVIL ACTION NO. C 05-2016 JSW

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

or

HIGHLY CONFIDENTIAL

SUBJECT TO PROTECTIVE ORDER

IN CIVIL ACTION NO. C 05-2016 JSW

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

7.2     All such materials shall be accepted by the Clerk of the Court for filing and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

7.3     All documents, exhibits or papers filed in connection with any proceedings related to compliance with, performance under, construction of or violation of this Protective Order, shall be filed under seal pursuant to Civil Local Rule 79-5.

8.0     Pretrial and Trial

8.1     This Protective Order is intended to regulate the handling of Protected Information during the pretrial period of this litigation, but shall remain in force and effect thereafter until modified, superseded or terminated on the record by agreement of the Parties hereto or by Order of this Court.

8.2     Subject to the Federal Rules of Evidence, Protected Information may be offered in evidence at trial or any Court hearing in this Action, provided that:

8.2.1     the proponent of the evidence advises the Court and the Designating Party that Protected Information will be offered prior to its offer and the Designating Party has an appropriate opportunity to object to the disclosure of the Protected Information;

8.2.2     any documents, exhibits or papers containing Protected Information shall be filed under seal pursuant to Civil Local Rule 79-5;

8.2.3     the evidence be received *in camera* or under other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to

receive the appropriate category of Protected Information under the terms of this Protective Order; and

    8.2.4 the trial or Court hearing transcript is treated in the manner specified in Section 6.0 of this Protective Order.

  9.0 General Provisions

    9.1 Upon final termination of this action with respect to any Party, that Party shall, at the option of the Designating Party, either return to the Designating Party or destroy all Protected Information in its possession, except such pretrial and trial records as are regularly maintained by outside counsel in the ordinary course of business, which records must be protected in conformity with this Protective Order. The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Protected Information received pursuant to this Protective Order.

    9.2 This Protective Order is intended to provide a mechanism for the handling of Protected Information, the disclosure or production of which is objected to only on the basis of confidentiality. Each Party reserves the right to object to any disclosure of information or production of any document it deems Protected Information on any other ground it may deem appropriate. The designation of Protected Information pursuant to this Protective Order shall not create any presumption with respect to the confidential, proprietary, or trade secret nature of any information, documents or things.

    9.3 The Parties may, by joint stipulation, apply to amend this Protective Order. The amendment shall take effect once the stipulation is entered by the Court.

    9.4 The Court retains jurisdiction to amend this Protective Order without agreement of the Parties and to issue Orders concerning Protected Information disclosed under this Protective Order.

    9.5 Notwithstanding the foregoing provisions, counsel for either Party may give advice and opinions to his or her client based on his or her evaluation of information disclosed by the opposing Party or a third party and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," including for purposes of settlement discussions.

9.6     Nothing in this Protective Order shall limit or restrict the manner in which the Parties shall handle their own Protected Information.

9.7     Adherence to this Protective Order in no way constitutes an admission by any Party that any information provided in this action and not subject to this Protective Order is not proprietary or confidential.

9.8     This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person, nor obligate any Party or person to provide any discovery to which it asserts objections.

9.9     Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that Party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

9.10    The terms of this Protective Order shall apply to confidential documents or material produced or disclosed by third parties in connection with this action if such third party wishes to designate the document or information Protected Information.

9.11    Each Party reserves the right to apply to the Court to modify the terms of this Protective Order in the event that the Party believes that it is necessary.  In the event such an application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

9.12    The disclosure of Protected Information to any attorney of record shall not prevent or disqualify that attorney of record from representing any Party or any non-party in any future litigation.

9.13    If any Party or non-party, having received Protected Information, receives a subpoena or other compulsory process from any other person or entity seeking the production of the Protected Information produced by the Designating Party, counsel for the Designating Party shall be notified in writing immediately and in no event more than three (3) court days after the receipt of the subpoena or other compulsory process and such notification shall include copies of

the subpoena or compulsory process. Absent the consent of the Designating Party, the Party or person receiving such subpoena or compulsory process shall refrain to the fullest extent permissible under law from producing the subpoenaed Protected Information. The Party or person receiving such subpoena or compulsory process also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the full burden and all expenses of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Party to this action to disobey a lawful directive from another court.

DATED: March 3, 2006                QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP


                                    By /s/ Albert P. Bedecarré
                                       Albert P. Bedecarré
                                       Attorneys for LifeScan, Inc.



DATED: March 3, 2006                LAW OFFICE OF DEREK A. ELETICH


                                    By /s/ Derek A. Eletich
                                       Derek A. Eletich
                                       Attorneys for American Healthcare, Inc.

1   DATED: March 3, 2006             LAW OFFICES OF LAWRENCE G. TOWNSEND

By /s/ Lawrence G. Townsend
   Lawrence G. Townsend
   Attorneys for Payless Wholesale, Inc.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March 23, 2006

_____
The Honorable Jeffrey S. White
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LIFESCAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HEALTHCARE, INC. PAYLESS WHOLESALE, INC., and DOES 3 through 10, inclusive, <br><br> Defendants. | Case No. C 05-2016 JSW <br><br> **DECLARATION AND UNDERTAKING OF** _____ |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in the above-captioned action signed by the Honorable Jeffrey S. White on _____, 2006.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of the above-captioned action, any "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information which is disclosed to me.

8. I will return all "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained.

9. I understand and acknowledge that violation of this Undertaking of the Stipulated Protective Order may be punishable by Contempt of Court. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in the above-captioned action.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 2006 in _____.

_____

50884/1828181.2

-17-

STIPULATED [PROPOSED] PROTECTIVE ORDER
Case No. C 05-2016-JSW