IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESCAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HEALTHCARE, INC., et al., <br><br> Defendants. <br> _____ / | No. C 05-02016 JSW <br><br> **ORDER CONDITIONALLY GRANTING TOWNSEND'S MOTION TO WITHDRAW AS COUNSEL** |

This matter comes before the Court upon consideration of Lawrence G. Townsend of the Law Offices of Lawrence G. Townsend's ("Townsend") motion to withdraw as counsel for Defendant Payless Wholesale, Inc. ("Payless"). Payless has not submitted an opposition to the motion. The Court has reviewed the parties' papers and relevant legal authority and has had the benefit of oral argument.

The Court finds that good cause exists to warrant Townsend's request to withdraw from representing Payless based on its failure to pay his attorneys' fees. However, Payless is a corporation and cannot represent itself. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); Civil Local Rule 3-9(b). Nor has Payless has not filed a substitution of counsel, despite having notice of Townsend's motion to withdraw.

Where, as here, withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel, leave to withdraw may be subject to the condition that papers continue to be served on counsel unless and until the client appears by other counsel. *See* Civ. L.R. 11-5(b) (stating that when withdrawal by an attorney from an

action is not accompanied by simultaneous appearance of substitute counsel . . . leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel).

Therefore, the Court conditionally GRANTS Townsend's motion to withdraw with respect to Payless upon the condition that the withdrawal will not be effective until November 8, 2006, or until substitute counsel makes an appearance, whichever occurs sooner. Any documents pertaining to this action will continue to be served on Townsend for forwarding purposes until November 8, 2006, or until substitute counsel has entered an appearance.

Because a corporation cannot represent itself, Payless must file a substitution of attorney by no later than February 28, 2007. Payless is admonished that failure to retain substitute counsel may result in the Court entering a judgment against it.

Townsend is HEREBY ORDERED to serve this Order upon Payless, by no later than January 26, 2007, and file proof of such service with the Court by January 30, 2007.

**IT IS SO ORDERED.**

Dated: January 23, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE